UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In the matter of:**<br><br>**MOTION TO QUASH SUBPOENAS TO NONPARTY FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.** | Case No. 1:25-mc-00129-LLA-GMH<br><br>Hon. G. Michael Harvey |

**MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE JEFFREY STEPHEN PITTMAN IN SUPPORT OF DENYING NONPARTY FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

Pursuant to Local Civil Rule 7(o) of the United States District Court for the District of Columbia and Federal Rule of Civil Procedure 29 (as applied by analogy), Jeffrey Stephen Pittman, pro se, respectfully moves for leave to file the attached brief as amicus curiae in support of denying Nonparty Financial Industry Regulatory Authority, Inc.'s ("FINRA") Motion to Quash Subpoenas or, in the Alternative, for a Protective Order (ECF No. 1). The proposed brief is attached hereto as **Exhibit 1**.

In support of this motion, movant states as follows:

1. **Identity and Interest of Amicus:** Movant Jeffrey Stephen Pittman is a retail investor who held shares of Meta Materials Inc. ("MMAT") Series A Preferred Stock (ticker: MMTLP) and suffered significant financial losses due to the events underlying the subpoenas, including FINRA's trading halt in December 2022. As detailed in the proposed brief, movant purchased over 10,000 MMTLP shares, investing more than $50,000, only to see his holdings rendered worthless. Movant is one of approximately



RECEIVED
AUG 15 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

65,000 affected retail investors and seeks to provide the Court with a unique perspective on the real-world harm caused by the alleged market manipulation and the corresponding need for transparency.

2. **Relevance of the Brief:** The proposed brief addresses the undue burden, privilege, and public interest factors under Federal Rule of Civil Procedure 45, offering arguments and evidence (including movant's trade confirmations as Exhibits A-D to the brief and a related SEC FOIA response as Exhibit E) that the parties may not fully cover. It emphasizes the broader implications for market integrity and retail investors, drawing on precedents where courts have compelled FINRA to produce similar data. This perspective is desirable as it highlights the human cost of quashing the subpoenas, aiding the Court's disposition without duplicating party arguments.

3. **Positions of the Parties:** Movant has contacted Trustee's counsel, Clayton P. Brust (cbrust@rssblaw.com) and FINRA's counsel, David S. Norris (david.norris@squirepb.com), both on August 13, 2025, but has not yet received a response. If consent is withheld, movant requests the Court grant leave regardless, as the brief will not prejudice any party or delay proceedings.

4. **Timeliness:** This motion is filed promptly after FINRA's motion (August 6, 2025) and before the likely opposition deadline (around August 20-27, 2025). It will not cause undue delay.

5. **No Contribution to Preparation:** No party's counsel authored this motion or the attached brief in whole or in part. No party or person other than movant contributed money to fund its preparation or submission.

6. **Request for Oral Hearing:** Pursuant to LCvR 7(f), movant requests an oral hearing on this motion, estimated at 30 minutes, to address the public interest in disclosure and investor harm.

WHEREFORE, movant respectfully requests that the Court grant leave to file the attached *amicus* brief.

DATED:   August 15, 2025
         Newport, Washington

Respectfully submitted,

Jeffrey S. Pittman, *Pro Se*
PO Box 461
Newport, WA 99156
(202) 596-7488
jeff.pittman@gmail.com

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In the matter of:**<br><br>**MOTION TO QUASH SUBPOENAS TO NONPARTY FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.** | Case No. 1:25-mc-00129-LLA-GMH<br><br>Hon. G. Michael Harvey |

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAELEGAL STANDARD

Pursuant to Local Civil Rule 7(a), movant submits this memorandum in support of the motion for leave.

## I. LEGAL STANDARD

Local Civil Rule 7(o) governs amicus curiae briefs in the District of Columbia, requiring a motion for leave that states the movant's interest, the party supported (if any), and why the brief is desirable and relevant. Courts grant leave where the brief offers a unique perspective without unduly burdening the proceedings. See, e.g., *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (granting leave for amicus providing "useful information and a different perspective"). Federal Rule of Appellate Procedure 29 provides analogous guidance, favoring briefs that assist without repetition.

## II. THE BRIEF SATISFIES THE STANDARD FOR LEAVE

Movant's interest is direct: As an MMTLP shareholder, he lost over $50,000 due to the alleged manipulation and FINRA halt, as detailed in the attached Declaration (Exhibit 2). The brief supports denying FINRA's motion, aligning with the Trustee's position. It is desirable

4

because it provides evidence of investor harm (via attached trades and a related SEC FOIA response) and argues public policy grounds for disclosure, which parties may not emphasize. Precedents like *Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1155 (N.D. Cal. 2011) (applying similar standards) support granting leave for impacted non-parties.

The brief is relevant to Rule 45 factors, citing cases compelling FINRA production (e.g., *Alpine Sec. Corp. v. FINRA*, 2024 WL 5177085 (D.C. Cir. 2024)). It will not prejudice parties or delay the case.

### III.   CONCLUSION

Leave should be granted to file the brief.

DATED:   August 15, 2025
             Newport, Washington

Respectfully submitted,

Jeffrey S. Pittman, *Pro Se*
PO Box 461
Newport, WA 99156
(202) 596-7488
jeff.pittman@gmail.com