# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**In the matter of:**

**MOTION TO QUASH SUBPOENAS TO NONPARTY FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.**

Case No. 1:25-mc-00129-LLA-GMH

Hon. G. Michael Harvey

## MOTION FOR LEAVE TO FILE CORRECTED/AMENDED BRIEF OF AMICUS CURIAE

Movant Jeffrey Stephen Pittman, *pro se*, respectfully files this Motion for Leave to incorporate new, material evidence into the *Amicus* Brief originally filed and served on August 15, 2025 (ECF No. 4), and entered on August 19, 2025.

The substantive changes include:

1. **Introduction of New Material Evidence:** The brief has been substantially revised to incorporate critical new evidence obtained via Freedom of Information Act Request Number 23-00564. This evidence consists of internal communications between FINRA and the SEC, which establish that FINRA was conducting an active fraud investigation into MMTLP at the time it imposed the trading halt. This evidence is central to the revised brief's arguments.

2. **Removal of Inaccurate or Inapplicable Citations:** Inaccurate references to *Shepherd v. LPL Financial LLC* and *Next Level Planning & Wealth Mgmt., LLC v. Prudential Ins. Co. of Am.* have been removed. Additionally, *Shepherd v. LPL Financial LLC*, *Next Level Planning & Wealth Mgmt., LLC v. Prudential Ins. Co. of Am.*, *Howes v. FINRA*, *In re*



RECEIVED
AUG 21 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

*FINRA Arbitration Subpoena*, *In re Application of John M. O'Quinn, P.C.*, and *SEC v. Citigroup Global Mkts. Inc.* have been removed.

3. **Removal of Non-Precedential Sources:** References to the non-precedential "Berthold *Amicus* Brief" have been removed to ground the brief entirely in applicable law and evidence.

4. **Clarification of Factual Descriptions:** The description of the FINRA halt on MMTLP and its consequences has been clarified to reflect the timeline of events and the ongoing illiquidity of the resulting Next Bridge Hydrocarbons shares.

5. **Re-structuring of Legal Arguments:** The brief's arguments have been significantly rewritten to focus on the new evidence, presenting a more precise and compelling case that FINRA's conduct falls outside the protection of regulatory immunity due to strong evidence of bad faith.

The corrected/amended *Amicus* Brief is attached hereto as **Exhibit 1**. Movant respectfully requests that the Clerk replace the original brief (ECF No. 4) with this corrected version. These revisions substantially strengthen the brief's contribution to the Court's understanding of the matter without altering the Movant's fundamental position or prejudicing any party.

DATED: August 21, 2025

Respectfully Submitted,

*[signature]*

Jeffrey S. Pittman, *Pro Se*
PO Box 461
Newport, WA 99156
(202) 596-7488
jeff.pittman@gmail.com

2

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In the matter of:**<br><br>**MOTION TO QUASH SUBPOENAS TO NONPARTY FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.** | Case No. 1:25-mc-00129-LLA-GMH<br><br>Hon. G. Michael Harvey |

**MOTION FOR LEAVE TO FILE CORRECTED/AMENDED BRIEF OF AMICUS CURIAE JEFFREY STEPHEN PITTMAN IN SUPPORT OF DENYING NONPARTY FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

Pursuant to Local Civil Rule 7(o) of the United States District Court for the District of Columbia and Federal Rule of Civil Procedure 29 (as applied by analogy), Jeffrey Stephen Pittman, *pro se*, respectfully moves for leave to file the attached corrected/amended brief as *amicus curiae* in support of denying Nonparty Financial Industry Regulatory Authority, Inc.'s ("FINRA") Motion to Quash Subpoenas or, in the Alternative, for a Protective Order (ECF No. 1). The proposed brief is attached hereto as **Exhibit 1**.

In support of this motion, movant states as follows:

1. **Identity and Interest of *Amicus*:** Movant Jeffrey Stephen Pittman is a retail investor who held shares of Meta Materials Inc. ("MMAT") Series A Preferred Stock (ticker: MMTLP) and suffered significant financial losses due to the events underlying the subpoenas, including FINRA's trading halt in December 2022. As detailed in the proposed brief, movant purchased over 10,000 MMTLP shares, investing more than $50,000, only to have his investment become illiquid. Movant is one of

3

approximately 65,000 affected retail investors and seeks to provide the Court with a unique perspective on the real-world harm caused by the alleged market manipulation and the corresponding need for transparency.

2. **Relevance of the Brief:** The proposed corrected/amended brief is uniquely desirable and relevant because it introduces new, material evidence, obtained via a Freedom of Information Act request (Exhibit E), that is not otherwise before the Court. On information and belief, this evidence consists of internal communications showing that FINRA was conducting an active fraud investigation into MMTLP at the very time it imposed the trading halt. This information directly contradicts the narrative that FINRA was merely performing a routine administrative function and is critically relevant to the Court's analysis of FINRA's claims of regulatory immunity and undue burden. By presenting this evidence and a legal argument grounded in it, the brief offers a unique perspective that the parties may not cover, thereby aiding the Court's disposition of the motion to quash.

3. **Positions of the Parties:** Movant has contacted Trustee's counsel, Clayton P. Brust (cbrust@rssblaw.com) and FINRA's counsel, David S. Norris (david.norris@squirepb.com), both on August 13, 2025 and August 20, 2025, but has not yet received a response. If consent is withheld, movant requests the Court grant leave regardless, as the brief will not prejudice any party or delay proceedings.

4. **Timeliness:** This motion is filed promptly after FINRA's motion (August 6, 2025) and before the opposition deadline of August 25, 2025. It will not cause undue delay.

5. **No Contribution to Preparation:** No party's counsel authored this motion or the attached brief in whole or in part. No party or person other than movant contributed money to fund its preparation or submission.

6. **Request for Oral Hearing:** Pursuant to LCvR 7(f), movant requests an oral hearing on this motion, estimated at 30 minutes, to address the public interest in disclosure and investor harm.

WHEREFORE, movant respectfully requests that the Court grant leave to file the attached *amicus* brief.

DATED:   August 21, 2025
         Newport, Washington

Respectfully submitted,

Jeffrey S. Pittman, *Pro Se*
PO Box 461
Newport, WA 99156
(202) 596-7488
jeff.pittman@gmail.com

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In the matter of:**<br><br>**MOTION TO QUASH SUBPOENAS TO NONPARTY FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.** | Case No. 1:25-mc-00129-LLA-GMH<br><br>Hon. G. Michael Harvey |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE CORRECTED/AMENDED BRIEF OF AMICUS CURIAE**

Pursuant to Local Civil Rule 7(a), movant submits this memorandum in support of the motion for leave.

I. **LEGAL STANDARD**

Local Civil Rule 7(o) governs *amicus curiae* briefs in the District of Columbia, requiring a motion for leave that states the movant's interest, the party supported (if any), and why the brief is desirable and relevant. Courts grant leave where the brief offers a unique perspective without unduly burdening the proceedings. See, e.g., *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (granting leave for *amicus* providing "useful information and a different perspective"). Federal Rule of Appellate Procedure 29 provides analogous guidance, favoring briefs that assist without repetition.

II. **THE BRIEF SATISFIES THE STANDARD FOR LEAVE**

Movant's interest is direct and substantial: As an MMTLP shareholder, he suffered a complete financial loss of over $50,000 due to the trading halt and alleged market manipulation,

as detailed in his Declaration (Exhibit 2). The corrected brief supports denying FINRA's motion, aligning with the Trustee's position.

The brief is exceptionally desirable and relevant because it provides the Court with "useful information and a different perspective" that the parties themselves may not possess. *Jin*, 557 F. Supp. 2d at 137. Specifically, the brief introduces new and material evidence obtained by movant (Exhibit E) that fundamentally reframes the context of the trading halt. This evidence demonstrates that FINRA was aware of and actively investigating MMTLP for fraud and manipulation *before* it imposed the halt.

This perspective is critical to the Rule 45 analysis. It directly undermines FINRA's claim of undue burden by showing FINRA was already compiling the requested data for its own investigation. More importantly, it provides a strong basis to challenge FINRA's assertion of absolute immunity by supporting an inference of bad faith or *ultra vires* action. By bringing this evidence to the Court's attention, the brief ensures a more complete record for adjudicating FINRA's motion. It will not prejudice the parties or delay the case. Accordingly, leave should be granted.

## III.  CONCLUSION

Leave should be granted to file the brief.


DATED:  August 21, 2025
        Newport, Washington

Respectfully submitted,

*[signature]*

Jeffrey S. Pittman, *Pro Se*
PO Box 461
Newport, WA 99156
(202) 596-7488
jeff.pittman@gmail.com