**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In the matter of:<br><br>MOTION TO QUASH SUBPOENAS TO NONPARTY FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC. | Miscellaneous Action No.<br>1:25-mc-00129-LLA-GMH |

**RESPONDENT CHRISTINA W. LOVATO, TRUSTEE'S RESPONSE TO JEFFREY STEPHEN PITTMAN'S MOTION FOR LEAVE TO FILE CORRECTED/ AMENDED BRIEF OF *AMICUS CURIAE***

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Christina W. Lovato, the Respondent in this Miscellaneous Action, is also the chapter 7 trustee for the estate of Meta Materials, Inc. (the "Estate"), the debtor in a bankruptcy case pending in Nevada.  *In re Meta Materials*, No. 24-50792-hlb (Bankr. D. Nev).  Ms. Lovato (the "Trustee") served subpoenas on the Financial Industry Regulatory Authority, Inc. ("FINRA") and other third parties in the *Meta Materials* bankruptcy.  After months of negotiations between the Trustee and FINRA, FINRA initiated this action on August 6, 2025 by filing its Motion to Quash Subpoenas or, in the Alternative, For a Protective Order. ECF No. 1 *et seq.* ("Motion to Quash").  The Trustee will file an opposition to the Motion to Quash on or before September 29, 2025, per the Court-ordered briefing schedule.  ECF No. 9.

Separately, on August 15, 2025, Jeffrey Stephen Pittman ("Mr. Pittman") filed a *pro se* Motion for Leave to File Brief of *Amicus Curiae* in support of denying FINRA's Motion to Quash. ECF No. 4 *et seq*.  The Trustee does not know Mr. Pittman and has no relationship with him.  Mr. Pittman contacted the Trustee for the first time (via one of the Trustee's counsel) on August 13, 2025, two days before he filed his initial motion.  ECF No. 4 at 2.  On August 21, 2025, Mr.

Pittman filed a Motion for Leave to File Corrected/Amended Brief of *Amicus Curiae*. ECF No. 8 *et seq.* (the "Motion for Leave"). The motion seeks leave of Court to file a Corrected/Amended Brief of *Amicus Curiae* in support of denying FINRA's Motion to Quash. ECF No. 8-1 (the "*Amicus* Brief"). The Court issued a Minute Order on August 23, 2025, extending the deadline to September 3, 2025 for the Trustee and FINRA to file any responses to the Motion for Leave.

The Court may grant leave to file an *amicus curiae* brief, D.D.C. Local Civil Rule 7(o), and the Court has broad discretion to allow *amicus* briefs. *Wash. All. of Tech. Workers v. United States Dep't of Homeland Sec.*, 50 F.4th 164, 193 (D.C. Cir. 2022). The Trustee defers to the Court's judgment on whether, and to what extent, to consider Mr. Pittman's *Amicus* Brief. The Trustee does not oppose Mr. Pittman's Motion for Leave, as explained below, because his *Amicus* Brief contains information which may be useful to the Court in evaluating FINRA's Motion to Quash. The *Amicus* Brief also echoes certain arguments for compelling FINRA's compliance which the Trustee expects to make in her forthcoming opposition to FINRA's Motion to Quash, *e.g.* that the Subpoenas are relevant and not burdensome.[1]

However, the Trustee cautions that Mr. Pittman is not a Meta Materials shareholder, as explained below, so he does not have a direct legal or financial interest in the discovery dispute between the Trustee and FINRA. That lack of standing may lessen the weight to be given to his arguments. Also, his filings include what Mr. Pittman says are email communications between FINRA and the U.S. Securities and Exchange Commission (the "SEC") regarding Meta Materials,

---

[1] Because this Response is not a motion and the Trustee does not oppose Mr. Pittman's Motion for Leave, it does not appear that a proposed order is required, and the Trustee has not included one with this Response. LCvR 7(c) ("Each motion and opposition shall be accompanied by a proposed order.").

allegedly obtained via a FOIA request, but the Trustee is unable to authenticate the emails based on Mr. Pittman's filings, as explained below. Finally, the Trustee does not require assistance from Mr. Pittman or other parties in opposing FINRA's Motion to Quash, and the Trustee does not present adopt all of Mr. Pittman's arguments. The Trustee's lack of opposition to the Motion for Leave does not constitute her agreement with Mr. Pittman's arguments.

## II.     FACTUAL BACKGROUND

### A.     The *Meta Materials* Bankruptcy and FINRA Subpoenas

Meta Materials, Inc. ("Meta Materials") filed for chapter 7 bankruptcy liquidation in the United States Bankruptcy Court, District of Nevada on August 9, 2024. *In re Meta Materials*, No. 24-50792-hlb (Bankr. D. Nev). The Trustee was appointed as the chapter 7 trustee. Under 11 U.S.C. § 704(a)(4), the Trustee has a statutory obligation to investigate the financial affairs of the debtor Meta Materials.

As part of the Trustee's efforts on behalf of the Estate in the *Meta Materials* bankruptcy, the Trustee retained Special Litigation Counsel from several law firms to "investigate potential claims and, if meritorious, pursue litigation related to suspected stock manipulation through illegal trading practices such as 'naked short selling' and 'spoofing'" of Meta Materials stock.[2] The undersigned counsel for the Trustee in this Action is among the counsel retained by the Trustee for the investigation. As part of the investigation, the Trustee's counsel issued subpoenas to third-

---

[2] Motion to Quash, Exhibit 5 (ECF No. 1-2 at 5); *see generally id.* at 4-23, *Ex Parte* Application by Chapter 7 Trustee to Employ the Law Firms of Christian Attar and Kasowitz Benson Torres LLP as Special Litigation Counsel, *In re Meta Materials, Inc.*, No. 24-50792-hlb (Bankr. D. Nev. filed Oct. 31, 2024); *see also* Trustee Christina Lovato's Response to Danielle Spears' Emergency Motion to Intervene, *In re Meta Materials, Inc.*, No. 24-50792-hlb (Bankr. D. Nev. filed Aug. 21, 2025), ECF No. 2138 at 2-3 (describing law firms' retention).

party financial organizations and institutions, including FINRA, which could have information relevant to the investigation, including trade data related to purchases and sales of Meta Materials stock.

The Trustee sent two initial subpoenas to FINRA in March 2025. After several months of correspondence and telephonic meet and confers between the Trustee and FINRA regarding FINRA's response to the subpoenas, the Trustee served amended subpoenas on FINRA on July 22, 2025 (the "Subpoenas"). *See* Motion to Quash, Exhs. 1-2, ECF No. 1-1 at 1-20. FINRA's counsel accepted service of the Subpoenas by email on July 25, 2025. Soon thereafter, FINRA filed its Motion to Quash in this Court. ECF No. 1. FINRA seeks relief from any obligation to comply with the two Subpoenas. *Id.*

The Trustee's Subpoenas seek information in FINRA's possession, custody, or control related to four Meta Materials stock tickers over a four-year period. *See* Motion to Quash Exhs. 1-2, ECF No. 1-1 at 8-10, 18-20 (lists of "Items to be Produced" in the Subpoenas). The Subpoenas seek discovery including trading data reported to FINRA by securities firms, any files related to any FINRA investigation of Meta Materials, and any FINRA communications involving Meta Materials. *Id.* The Trustee is not presently investigating FINRA for any alleged wrongdoing and FINRA is not presently a litigation target for the Trustee. To that end, the Trustee does not present adopt Mr. Pittman's argument that FINRA has engaged in "bad faith" or "*ultra vires* action." Motion for Leave, ECF No. 8 at 7; *Amicus* Brief, ECF No. 8-1 at 4-5, 7-9.

### B. Mr. Pittman's Motion for Leave and *Amicus* Brief

Mr. Pittman's Motion for Leave (ECF No. 8) seeks leave from the Court to file his corrected/amended *Amicus* Brief (ECF No. 8-1). Mr. Pittman self-identifies as a "retail investor

4

who held shares of Meta Materials Inc. ('MMAT') Series A Preferred Stock (ticker: MMTLP) and suffered significant financial losses," including as a result of FINRA's trading halt on the stock. Motion for Leave at 3; *see also Amicus* Brief, ECF No. 8-1 at 2; Exhibit List to Brief of *Amicus Curiae*, ECF No. 8-2 ("Exhibit List") at 4-13 (Mr. Pittman's MMTLP trade confirmations); Pittman Declaration (ECF No. 8-3) (the "Declaration").

Mr. Pittman's Motion for Leave argues (ECF No. 8 at 1, 4, 7) that his *Amicus* Brief should be allowed, in particular, because it attaches and describes what appear to be redacted email communications from 2021 and 2022 between FINRA and the SEC regarding possible fraud involving MMAT and MMTLP shares. *See* Exhibit List, Ex. E, ECF No. 8-2 at 14-37 (purported FINRA/SEC emails). Mr. Pittman states "[o]n information and belief" that the emails were obtained from the SEC via a Freedom of Information Act ("FOIA") request, implying that he may not have been personally involved in the FOIA request and may not have personal knowledge of the process. *Amicus* Brief, ECF No. 8-1 at 3-4. **He does not say that he personally submitted the FOIA request and obtained the documents himself**. *See also* Pittman Declaration, ECF No. 8-3, at 2 (merely stating that "Exhibit E presents the SEC's response to FOIA Request 23-00546"); *Amicus* Brief, ECF No. 8-1 at 4 (stating that the communications were "obtained by *amicus*" without explaining how).

The Trustee cannot independently confirm the source or veracity of the purported FINRA/SEC emails because his Motion for Leave and *Amicus* Brief do not include any correspondence with the SEC transmitting the emails, only the underlying 2021-2022 emails themselves, nor does Mr. Pittman state who requested and obtained the documents. Mr. Pittman's initial August 15, 2025 motion for leave did include what appears to be an August 4, 2025 letter

5

from the SEC to Mr. Pittman regarding a pending FOIA request for communications between FINRA and the SEC about MMTLP.  August 15, 2025 Pittman declaration, ECF No. 4-2 at 3 (describing SEC letter); *id.* Exhibit E, ECF No. 4-3 at 14-16 (SEC letter).  However, that letter only asked Mr. Pittman whether he still sought the email correspondence—it does not appear to have enclosed such correspondence.  Also, the FOIA request number in that letter, FOIA Request 25-01345, is different than the number stated in Mr. Pittman's Motion for Leave, FOIA Request 23-00564.  ECF No. 8-1 at 3.

### III.    LEGAL STANDARD

As noted in Mr. Pittman's Motion for Leave, D.D.C. Local Civil Rule 7(o) provides that an *amicus curiae* may file a brief upon leave of court.  Motion for Leave at 6.  LCvR 7(o)(2) includes the following requirements:

> A motion for leave to file an *amicus* brief shall concisely state the nature of the movant's interest; identify the party or parties supported, if any; and set forth the reasons why an *amicus* brief is desirable, why the movant's position is not adequately represented by a party, and why the matters asserted are relevant to the disposition of the case. The motion shall state the position of each party as to the filing of such a brief and be accompanied by a proposed order. . . .

An *amicus* brief shall also comply with the requirements set forth in Federal Rules of Appellate Procedure 29(a)(4).  LCvR 7(o)(5).  Mr. Pittman's Motion for Leave appears to satisfy these requirements.  Motion for Leave (ECF No. 8) at 3-5, 6-7 (citing grounds for filing); *Amicus* Brief, ECF No. 8-1 at 2-3 (tables of contents and authorities); ECF No. 8-4 (proposed order).

"District courts have inherent authority to appoint or deny *amici*." *United States v. Sutton*, No. 21-0598 (PLF), 2023 U.S. Dist. LEXIS 85974, at *3 (D.D.C. May 16, 2023) (citation omitted); *see also In re Search of Info. Associated with @mac.com that is Stored at Premises Controlled by*

6

*Apple, Inc.*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) ("Courts have wide discretion in deciding whether to grant a third party leave to file an *amicus curiae* brief.").

More specifically, as the D.C. Circuit has recently recognized, district courts have "broad discretion to allow *amicus* briefs when they provide 'unique information or perspective' that 'can help the [c]ourt beyond the help that the lawyers for the parties are able to provide.'" *Wash. All. of Tech. Workers v. United States Dep't of Homeland Sec.*, 50 F.4th 164, 193 (D.C. Cir. 2022) (citation omitted). Conversely, "leave to file an *amicus curiae* brief should be denied" if the *amicus* filer does not have "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (citation omitted). Courts have denied leave "where a movant sought to present arguments and insights that were not relevant to the stage of the litigation." *Hopi Tribe v. Trump*, No. 17-cv-2590 (TSC), 2019 U.S. Dist. LEXIS 106244, at *16-17 (D.D.C. Mar. 20, 2019) (*citing In re Search of Info.*, 13 F. Supp. 3d at 167 (denying motion for leave on relevance)).

## IV.  ARGUMENT

The Trustee offers the following observations about Mr. Pittman's Motion for Leave and attached *Amicus* Brief and exhibits. ECF No. 8 *et seq*.

### A.  The *Amicus* Brief Contains Potentially Helpful Information

The Trustee does not object to the Motion for Leave to the extent the Court finds it potentially useful in evaluating FINRA's Motion to Quash. Courts recognize the potential additive value of *amicus* briefs when they are helpful to the Court. *Supra* § III. Mr. Pittman's *Amicus* Brief includes at least two arguments that the Trustee will likely make—on a high level—in her forthcoming opposition to FINRA's Motion to Quash. The *Amicus* Brief argues that the

Subpoenas are narrowly tailored and do not impose an undue burden on FINRA (*Amicus* Brief, ECF No. 8-1 at 3, 5-6), and that there is a public interest in FINRA's disclosure (*id.* at 9-10). The Trustee agrees.

### B. Several Factors Diminish the Potential Value of Mr. Pittman's *Amicus* Brief

However, although the Trustee does not object completely to Mr. Pittman's Motion for Leave, the Trustee cautions that several important factors weigh against the usefulness of Mr. Pittman's *Amicus* Brief.

*First*, a motion for leave to file an *amicus* brief "shall concisely state the nature of the movant's interest" in the case. LCvR 7(o). Mr. Pittman describes himself as a retail investor "who held shares" in Meta Materials Series A Preferred Stock, ticker MMTLP, who has lost his $50,000 investment. Motion for Leave at 3; *see also* Declaration of Mr. Pittman (ECF No. 8-3) (I "purchased and held shares" in MMTLP); *Amicus* Brief, ECF No. 8-1 at 2; Exhibit List to Brief of *Amicus Curiae*, ECF No. 8-2 ("Exhibit List") at 4-13 (trade confirmations). As a former MMTLP shareholder, Mr. Pittman is not an interested party in the discovery dispute between the Trustee and FINRA and lacks standing. MMTLP is not a party to the *In re Meta Materials* bankruptcy or this Miscellaneous Action. The *In re Meta Materials* bankruptcy only involves the ticker MMAT, for Meta Materials. As explained in the Trustee's opposition to two motions to intervene by MMTLP shareholders in the bankruptcy, Meta Materials spun off shares in a wholly-owned subsidiary, Next Bridge Hydrocarbons ("NBH"), in November 2022.[3] MMTLP shareholders

---

[3] *See* Trustee Christina Lovato's Response to Danielle Spears' Emergency Motion to Intervene, *In re Meta Materials, Inc.*, No. 24-50792-hlb (Bankr. D. Nev. filed Aug. 21, 2025), ECF No. 2138 at 4-5: "[S]hares of MMTLP do not equate to an interest in MMAT. Shares designated as MMTLP were actually beneficial interests in what was referred to as Torchlight Series A Preferred (pre-merger special dividend) that were scheduled to be cancelled in exchange for Next Bridge

8

received distributions of NBH shares in December 2022, at the same time as the MMTLP shares were automatically cancelled[4] and MMTLP shares became "no longer tradeable on the [] market."[5] *See also* Motion to Quash, ECF No. 1 at 14-15 (describing MMTLP spinoff). Mr. Pittman appears to refer to this cancellation in writing that "investors saw their liquid assets turned illiquid, untradeable shares overnight." *Amicus* Brief, ECF No. 8-1 at 10.

Mr. Pittman therefore only has a residual ownership interest in NBH, if anything, not in Meta Materials. Like the *pro se* movants in the bankruptcy, Mr. Pittman "has no right to participate

---

Hydrocarbons ('NBH') stock several weeks later. In November, 2022, Meta Materials, Inc. determined to 'spin off' its ownership of NBH, its wholly owned subsidiary. The MMAT board of directors approved the distribution to the holders of META's Series A Non-Voting Preferred Stock ('Series A Preferred Stock,' which was then traded over-the-counter, or OTC, under the symbol MMTLP), of 100% of the common stock of META's wholly owned subsidiary, NBH, in accordance with a Distribution Agreement between META and NBH. Exhibit A. Upon completion of the distribution, Next Bridge was to be an independent, public reporting company. The NBH common stock was not to be publicly traded and did not become eligible for electronic transfer through the Depository Trust Company book-entry system or any other established clearing corporation."

[4] *Id.* at 5: "The spin-off transaction was subject to certain conditions, including, among others, completion of all necessary actions and filings with regard to applicable state securities or "blue sky" laws, and final Financial Industry Regulatory Authority ('FINRA'), approval, for which there was no assurance of approval. Each holder of Series A Preferred Stock as of 4 p.m. ET on December 12, 2022, (the record date for the distribution), was to be entitled to receive one share of NBH common stock for every one share of Meta Series A Preferred Stock held as of the record date. The shares of NBH common stock were to be distributed on December 14, 2022 after the close of the trading markets, at which time (i) all of the shares of Series A Preferred Stock were automatically cancelled, (ii) the holders of such Series A Preferred Stock ceased to have any rights with respect to such shares and (iii) the shares of Series A Preferred Stock, MMTLP, were no longer tradable on the OTC market. Based upon the December 12, 2022 transaction approved by FINRA, [the *pro se* movant who claims ownership of MMTLP shares] is not an owner of shares in MMAT. Instead, whatever residual rights she may hold are interests in NBH, a legally separate entity."

[5] Meta, Meta Materials Inc. Board of Directors Approves Planned Completion of the Spin-Off of Next Bridge Hydrocarbons Inc. (Nov. 23, 2022), https://metamaterial.com/meta-materials-inc-board-of-directors-approves-planned-completion-of-the-spin-off-of-next-bridge-hydrocarbons-inc/ (last accessed Sept. 3, 2025).

in any eventual distribution by the Trustee in this case." Trustee Christina Lovato's Response to Danielle Spears' Emergency Motion to Intervene, *In re Meta Materials, Inc.*, No. 24-50792-hlb (Bankr. D. Nev. filed Aug. 21, 2025), ECF No. 2138 at 5. Moreover, the Trustee represents the interests of the chapter 7 estate; she does not represent Mr. Pittman or any individual shareholder. *Id.* at 11.

*Second*, to the extent the Trustee anticipates making certain arguments in its forthcoming opposition to FINRA's Motion to Quash which Mr. Pittman also makes in his *Amicus* Brief, the Trustee only shares such arguments at a high level of generality; the Trustee does not adopt all of Mr. Pittman's arguments on these topics. In particular, the Trustee cannot confirm the origin or accuracy of the purported FINRA/SEC emails, as explained above (*supra* § II(B)), so the Trustee does not adopt any arguments of Mr. Pittman related to those emails (*see, e.g. Amicus* Brief, ECF No. 8-1 at 4, 6, citing a 2022 FINRA email as "pretext for concealment" by FINRA). It is also unnecessary for the Trustee to rely on internal FINRA company documents in opposing FINRA's Motion to Quash, since the Subpoenas are plainly reasonable on their face. The Trustee at this time also does not take a position on whether FINRA has acted in "bad faith" or engaged in "*ultra vires* action" with regard to the Subpoenas or Meta Materials, unlike Mr. Pittman (Motion for Leave, ECF No. 8 at 7; *Amicus* Brief, ECF No. 8-1 at 4-5, 7-9), based on the information presently available to the Trustee. Nor is it necessary for the Trustee to establish FINRA's bad faith or other wrongdoing to prevail on FINRA's Motion to Quash, given the relevance of the information requested in the Subpoenas, among other arguments which the Trustee will make in her forthcoming September 29, 2025 opposition to FINRA's Motion to Quash. The Trustee reserves the right to make any arguments supported by the law and facts in her opposition.

*Third*, "Court[s] have permitted parties to file *amicus* briefs where the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *In re Search of Info.*, 13 F. Supp. 3d at 167 (internal citations and quotation omitted).  The most significant potential value of Mr. Pittman's *Amicus* Brief, in providing the Court information which the Trustee and FINRA might not otherwise provide, is Exhibit E to his Motion for Leave, which he states are emails from 2021-22 between FINRA and the SEC about Meta Materials.  *See* Exhibit List, Ex. E, ECF No. 8-2 at 14-37.  FINRA did not attach such emails to its Motion to Quash, nor would the Trustee expect it to, and the Trustee does not independently possess these FINRA communications with the SEC.  Indeed, the Trustee is actively seeking such communications via the Subpoenas it served on FINRA.[6]  Mr. Pittman's Declaration does state, "under penalty of perjury," that "Exhibit E presents the SEC's response to FOIA Request 23-00564."  However, as explained above, the Trustee cannot verify the source and accuracy of the emails from Mr. Pittman's filings because he does not include any correspondence transmitting the emails and the FOIA Request number in his Motion for Leave does not match the SEC letter. *Supra* § II(B).

*Fourth*, "leave to file an *amicus curiae* brief should be denied" if, of relevance here, the *amicus* does not have "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008).  The Trustee will file its brief in opposition to FINRA's Motion to Quash

---

[6] Items to be Produced No. 6 in the Subpoenas calls for "FINRA Investigative Files[:] (i) All data records, communications, notes, and investigative records associated with any FINRA investigation concerning Meta and/or MMTLP issues and/or the trading of such issues thereof." ECF No. 1-1 at 9, 19.

on or before September 29, 2025, per the Court-ordered briefing schedule. ECF No. 9. The Trustee's opposition will thoroughly explain the legal and factual grounds for denying FINRA's Motion to Quash and compelling its compliance with the Subpoenas, and the Trustee has sufficient information to do so. The Trustee has not sought Mr. Pittman's assistance in opposing FINRA's Motion to Quash and does not need it. Indeed, the Trustee does not fully agree with all of the arguments raised in his *Amicus* Brief, as explained herein.

## V. CONCLUSION

For the reasons stated herein, the Trustee does not object to the Court granting Mr. Pittman's Motion for Leave and permitting him to file his *Amicus* Brief, but the Trustee warns that Mr. Pittman lacks standing as an MMTLP shareholder in this discovery dispute between the Trustee and FINRA, the Trustee cannot verify the source and accuracy of the purported FINRA/SEC emails which appear to be the primary additive value of the *Amicus* Brief, the Trustee disagrees with certain arguments of Mr. Pittman, and the Trustee does not require his assistance in opposing FINRA's Motion to Quash.

Dated: September 3, 2025

Respectfully submitted,

/s/ *David D. Burnett*
David D. Burnett (DC Bar No. 1720119)
**SCHNEIDER WALLACE COTTRELL KIM LLP**
1050 30th Street NW
Washington, DC 20007
Tel.: (415) 421-7000
dburnett@schneiderwallace.com

*Counsel for Respondent Christina W. Lovato, chapter 7 trustee for the estate of Meta Materials, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document is being served this day on counsel for FINRA via the automatic notice of filing sent by the CM/ECF filing software. A paper copy of the foregoing document is being served this day on Mr. Pittman via mail to his address of record, PO Box 461, Newport, WA 99156, and via email to his email listed in his filings, jeff.pittman@gmail.com. LCvR 5.4(d).

/s/ *David D. Burnett*
David D. Burnett (DC Bar No. 1720119)