## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

In the matter of:

**MOTION TO QUASH SUBPOENAS TO NONPARTY FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.**

Case No. 1:25-mc-00129-LLA-GMH

Hon. G. Michael Harvey

## NOTICE OF SUPPLEMENTAL EVIDENCE IN SUPPORT OF RESPONDENT CHRISTINA W. LOVATO, TRUSTEE'S OPPOSITION TO NON-PARTY FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

Jeff Pittman, amicus curiae, respectfully submits this Notice of Supplemental Evidence pursuant to Local Civil Rule 7(o) and Federal Rule of Civil Procedure 26(e), to supplement the record in support of Respondent Christina W. Lovato's (the "Trustee") Opposition to Non-Party Financial Industry Regulatory Authority, Inc.'s ("FINRA") Motion to Quash Subpoenas or, in the Alternative, for a Protective Order (ECF No. 14, filed September 29, 2025) (the "Opposition"). This supplemental evidence consists of newly obtained documents released by the U.S. Securities and Exchange Commission ("SEC") on September 30, 2025, in response to a Freedom of Information Act ("FOIA") request (Request No. 25-01347-FOIA). These documents were not available at the time the Opposition was filed and directly bolster the Trustee's arguments regarding the relevance of the subpoenaed materials, the lack of undue burden on FINRA, and the public interest in disclosure.



**RECEIVED**

OCT 02 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

I.      **DESCRIPTION OF SUPPLEMENTAL EVIDENCE**

The supplemental evidence includes:

1.  The SEC's FOIA response letter dated September 30, 2025, addressed to Jeff Pittman, which references the release of 22 pages of responsive records (with redactions under 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and (b)(8)) related to communications involving Ari Rubenstein, GTS Securities LLC ("GTS"), the SEC, and FINRA concerning Meta Materials Preferred Shares ("MMTLP," CUSIP: 59134N104). The letter confirms the existence of internal SEC documents, including emails, memos, and analyses, addressing complaints about GTS's role as a market maker, potential conflicts of interest with Mr. Rubenstein's position on FINRA's board, and activities related to the December 9, 2022, trading halt of MMTLP. (Attached hereto as Exhibit A.)

2.  Redacted emails from the released records, dated February 17, 2023, among SEC staff in the Office of the Ombudsman. These emails discuss "a lot of complaints about Ari and GTS in OMMS [Office of Market Manipulation Surveillance] as well as in TCR [Tip, Complaint, and Referral system]" and reference an internal Ombudsman memo addressing "most of the issues we've heard in the MMTLP complaints." The emails also suggest further discussions on the matter, indicating active SEC scrutiny of GTS and Mr. Rubenstein in connection with MMTLP. (Attached hereto as Exhibit B.)

These documents were released on September 30, 2025, and are submitted promptly to ensure the Court has a complete record prior to any ruling on the Motion to Quash.

## II.    RELEVANCE TO THE OPPOSITION

This supplemental evidence directly supports the Trustee's arguments in the Opposition and underscores the necessity of enforcing the Trustee's subpoenas. Specifically:

### A.    Relevance of the Subpoenaed Materials

The FOIA documents confirm that the SEC received and internally discussed numerous complaints about Mr. Rubenstein (CEO of GTS and a former FINRA board member) and GTS's activities related to MMTLP, including potential market manipulation, naked short selling, and conflicts of interest arising from Mr. Rubenstein's dual roles. This overlaps with the Trustee's subpoena requests, such as those seeking investigative files, communications, and documents related to market makers' roles in MMTLP trading and the halt. FINRA's Motion to Quash characterizes the Trustee's investigation as "speculative" and limited to merger-related issues, but the SEC emails reveal widespread complaints and an internal memo addressing MMTLP-specific grievances, suggesting FINRA—as the SEC's delegated self-regulatory organization—likely possesses parallel or collaborative records. This evidence counters FINRA's claim that the subpoenas seek "irrelevant" information and affirms the Trustee's position that FINRA holds unique, responsive data essential to investigating potential claims for the bankruptcy estate.

### B.    Lack of Undue Burden and Feasibility of Production

The SEC's release of similar communications (e.g., emails and memos) despite invoking exemptions for deliberative process and privacy demonstrates that production of analogous materials is feasible without extraordinary burden. FINRA argues the subpoenas are overly burdensome, yet the SEC processed and disclosed overlapping records on short notice. This weakens FINRA's position, particularly given its admission of prior agreements to produce

similar discovery in other matters. The evidence also highlights the targeted nature of the subpoenas, as the FOIA scope (narrowed to exclude attachments, media inquiries, spam, and newsletters) mirrors the Trustee's focused requests for efficiency.

###    C.    Public Interest and Precedent

The redactions in the FOIA documents (e.g., under Exemption 5 for pre-litigation materials) imply sensitive investigative content, reinforcing the public interest in transparency regarding regulatory oversight of MMTLP—a case involving allegations of systemic market failures affecting thousands of retail investors. Denying the subpoenas could shield FINRA from accountability.

## III.    REQUEST FOR RELIEF

Amicus curiae respectfully requests that the Court consider this supplemental evidence in denying FINRA's Motion to Quash in its entirety and granting the relief sought in the Opposition, including compelling FINRA's compliance with the subpoenas under a protective order.

DATED:    October 2, 2025
             Newport, Washington

Respectfully submitted,

Jeffrey S. Pittman, *Pro Se*
PO Box 461
Newport, WA 99156
(202) 596-7488
jeff.pittman@gmail.com

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

In the matter of:

**MOTION TO QUASH SUBPOENAS TO NONPARTY FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.**

Case No. 1:25-mc-00129-LLA-GMH

Hon. G. Michael Harvey

## DECLARATION OF JEFFREY STEPHEN PITTMAN IN SUPPORT OF NOTICE OF SUPPLEMENTAL EVIDENCE

I, Jeffrey Stephen Pittman, declare as follows:

1. I am an amicus curiae in this action, having filed an amicus brief on September 4, 2025. I am over the age of 18 and competent to testify to the matters stated herein. This declaration is based on my personal knowledge.

2. On January 25, 2025, I submitted a Freedom of Information Act ("FOIA") request to the U.S. Securities and Exchange Commission ("SEC"), Request No. 25-01347-FOIA, seeking records related to communications involving Ari Rubenstein, GTS Securities LLC ("GTS"), the SEC, and FINRA concerning Meta Materials Preferred Shares ("MMTLP," CUSIP: 59134N104), including potential conflicts of interest, market manipulation, and the December 9, 2022, trading halt.

3. On April 8, 2025, I narrowed the scope of my request to exclude communications with attachments, media inquiries, spam emails, and daily news emails, as referenced in the SEC's response.

4. On September 30, 2025, the SEC released to me 22 pages of responsive records, with redactions pursuant to 5 U.S.C. § 552(b)(5), (b)(6), (b)(7)(C), and (b)(8). These records include the SEC's response letter (attached to the Notice as Exhibit A) and redacted emails from SEC staff in the Office of the Ombudsman dated February 17, 2023 (attached to the Notice as Exhibit B). The emails discuss complaints about Mr. Rubenstein and GTS in the SEC's Office of Market Manipulation Surveillance (OMMS) and Tip, Complaint, and Referral (TCR) systems, as well as an internal memo addressing MMTLP-related issues.

5. These documents were not available to me or the parties at the time the Trustee filed her Opposition on September 29, 2025. I am submitting them promptly to supplement the record.

6. The FOIA records are directly relevant to the Trustee's subpoenas, as they confirm SEC scrutiny of the same entities and issues (e.g., GTS's role as a market maker and Mr. Rubenstein's FINRA board position), supporting the arguments in the Opposition regarding relevance, lack of undue burden, and public interest in disclosure.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 2, 2025, at Newport, Washington

Jeffrey S. Pittman, *Pro Se*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In the matter of:

MOTION TO QUASH SUBPOENAS TO NONPARTY FINANCIAL INDUSTRY

REGULATORY AUTHORITY, INC.

**Case No. 1:25-mc-00129-LLA-GMH**

**Hon. G. Michael Harvey**

**EXHIBIT LIST TO NOTICE OF SUPPLEMENTAL EVIDENCE**

| Exhibit No. | Description |
|---|---|
| **Exhibit A** | SEC 25-01347-FOIA Response Letter |
| **Exhibit B** | Redacted Emails Produced Within SEC 25-01347-FOIA |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

In the matter of:

MOTION TO QUASH SUBPOENAS TO NONPARTY FINANCIAL INDUSTRY

REGULATORY AUTHORITY, INC.

_____

**Case No. 1:25-mc-00129-LLA-GMH**

**Hon. G. Michael Harvey**

# EXHIBIT A

**SEC 25-01347-FOIA Response Letter**



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549-2465

**Office of FOIA Services**

September 30, 2025

Mr. Jeff Pittman
Seminal Church
2852 Gray Rd.
Newport, WA 99156

     Re:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
          Request No. **25-01347-FOIA**

Dear Mr. Pittman:

    This letter is in reference to your request, dated January 25, 2025 and received in this office on January 27, 2025, for the following:

- All communications, including emails, memos, and meeting minutes, between Ari Rubenstein and/or representatives of GTS Securities and the SEC regarding Meta Materials Preferred Shares (MMTLP, CUSIP: 59134N104) from October 1, 2021, to February 29, 2024.

- Any documents related to GTS Securities' role as a market maker for MMTLP, including trading data, position reports, and any internal SEC analyses of GTS Securities' activities related to MMTLP.

- All communications between the SEC and FINRA regarding Ari Rubenstein's position on FINRA's board and any potential conflicts of interest related to MMTLP trading from October 1, 2021, to February 29, 2024.

- Any internal SEC memos or reports discussing Ari Rubenstein's or GTS Securities' involvement in the creation, trading, or halting of MMTLP. All communications between the SEC and Ari Rubenstein or GTS Securities representatives regarding the December 9, 2022 trading halt of MMTLP.

- Any documents related to investigations or inquiries into Ari Rubenstein's or GTS Securities' activities related to MMTLP, including potential market manipulation or naked short selling.

Mr. Jeff Pittman                                          25-01347-FOIA
September 30, 2025
Page 2


     Reference is made to our letter dated March 17, 2025 where
we asked you to narrow the scope of your request.  You responded
via email on April 8, 2025 and narrowed the scope of your
request to the following:

  • Please exclude communications with attachments
  • Please exclude all media inquiries
  • Please exclude all emails deemed SPAM
  • Please exclude all emails that are considered "daily news
    emails" (newsletters, news updates, etc.)

     The enclosed 22 pages are released with the exception of
third-party and staff names and telephone numbers. This
information is withheld under 5 U.S.C. § 552 (b)(5),(b)(6),
(7)(C), and (b)(8) for the following reasons.

   Under Exemption 5, certain responsive information was
prepared in anticipation of litigation, forms an integral part
of the pre-decisional process, and/or contains advice given to
the Commission or senior staff by the Commission's attorneys, it
is protected from release by the attorney work-product,
deliberative process and/or attorney-client privileges embodied
in Exemption 5.

     Under Exemption 6, the release of these records would
constitute a clearly unwarranted invasion of personal privacy.
Under Exemption 7(C), the release of the information could
reasonably be expected to constitute an unwarranted invasion of
personal privacy. Further, public identification of Commission
staff could conceivably subject them to harassment in the
conduct of their official duties and in their private lives.

     Under Exemption 8, this exemption protects from disclosure
records contained in or related to examination, operating, or
condition reports prepared by, on behalf of, or for the use of an
agency responsible for the regulation or supervision of financial
institutions. Please be advised that we have considered the
foreseeable harm standard in preparing this response.

     I am the deciding official with regard to this adverse
determination.  You have the right to appeal my decision to the
SEC's General Counsel under 5 U.S.C. § 552(a)(6), 17 CFR §
200.80(f)(1). The appeal must be received within ninety (90)

Mr. Jeff Pittman                                          25-01347-FOIA

September 30, 2025
Page 3

calendar days of the date of this adverse decision. Your appeal
must be in writing, clearly marked "Freedom of Information Act
Appeal," and should identify the requested records.  The appeal
may include facts and authorities you consider appropriate.

     You may file your appeal by completing the online Appeal form
located at https://www.sec.gov/forms/request_appeal, or mail your
appeal to the Office of FOIA Services of the Securities and
Exchange Commission located at Station Place, 100 F Street NE,
Mail Stop 2465, Washington, D.C. 20549, or deliver it to Room 1120
at that address.

     If you have any questions, please contact Denicka Keith of
my staff at keithd@sec.gov or (202) 551-7696. You may also
contact me at foiapa@sec.gov or (202) 551-7900. You may also
contact the SEC's FOIA Public Service Center at foiapa@sec.gov
or (202) 551-7900.  For more information about the FOIA Public
Service Center and other options available to you please see the
attached addendum.

                    Sincerely,

                    Carrie Hyde-Michaels
                    FOIA Branch Chief


Enclosure

# ADDENDUM

For further assistance you can contact a SEC FOIA Public Liaison by calling (202) 551-7900 or visiting https://www.sec.gov/oso/help/foia-contact.html.

SEC FOIA Public Liaisons are supervisory staff within the Office of FOIA Services.  They can assist FOIA requesters with general questions or concerns about the SEC's FOIA process or about the processing of their specific request.

In addition, you may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA dispute resolution services it offers.  OGIS can be reached at 1-877-684-6448 or via e-mail at ogis@nara.gov.  Information concerning services offered by OGIS can be found at their website at Archives.gov.  Note that contacting the FOIA Public Liaison or OGIS does not stop the 90-day appeal clock and is not a substitute for filing an administrative appeal.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In the matter of:

MOTION TO QUASH SUBPOENAS TO NONPARTY FINANCIAL INDUSTRY

REGULATORY AUTHORITY, INC.

**Case No. 1:25-mc-00129-LLA-GMH**

**Hon. G. Michael Harvey**

# EXHIBIT B

**Redacted Emails Produced Within SEC 25-01347-FOIA**

**From:** (b)(6); (b)(7)(C)
**Sent:** Fri, 17 Feb 2023 15:47:36 -0500
**To:** (b)(6); (b)(7)(C)
**Cc:** (b)(6); (b)(7)(C)
**Subject:** Re: Matter (b)(6)

Thanks (b)(6); (b)(7)(C) This one isn't new. We have a lot of complaints about Ari and GTS in OMMS as well as in TCR.

We can chat more on Tuesday but long story short (b)(5)
(b)(5)

(b)(6); (b)(7)(C)

Office of the Ombudsman
(b)(6); (b)(7)(C)
Sent from my SEC iPhone

On Feb 17, 2023, at 3:17 PM, (b)(6); (b)(7)(C) (b)(6); (b)(7)(C) @sec.gov> wrote:

(b)(6); (b)(7)(C)

I just wanted to flag this for you attention:

(b)(5)

Again, have a great weekend.

(b)(6); (b)(7)(C)

*Senior Counsel*
*Office of the Ombudsman*
*Securities and Exchange Commission*
(b)(6); (b)(7)(C)

(b)(6); (b)(7)(C)

(b)(6); (b)(7)(C) *@sec.gov*

*Pronouns: he/him/his*

**Confidentiality Notice:** The contents of this email message and any attachments may contain confidential and/or privileged information that may be legally protected from disclosure. If you received this email by mistake, you should notify the sender of the mistake and delete the email and any attachments immediately and without further review and/or further dissemination. An inadvertent disclosure is not intended to waive any applicable privileges.

(b)(5)

**From:**            (b)(6); (b)(7)(C)
**Sent:**            Fri, 16 Dec 2022 14:03:50 -0500
**To:**              (b)(6); (b)(7)(C)
**Cc:**              (b)(6); (b)(7)(C)
**Subject:**         RE: Ombudsman's MMTLP response


Thanks for the background (b)(6); (b)(5)
(b)(7)(C)
(b)(5)

Thanks,
(b)(6); (b)(7)(C)

**From:** (b)(6); (b)(7)(C)      (b)(6); (b)(7)(C)  @SEC.GOV>
**Sent:** Friday, December 16, 2022 1:54 PM
**To:** (b)(6); (b)(7)(C)   (b)(6);  @SEC.GOV>; (b)(6); (b)(7)(C)    (b)(6);  @SEC.GOV>
**Cc:** (b)(6); (b)(7)(C)   (b)(6);  @SEC.GOV>
**Subject:** FW: Ombudsman's MMTLP response

We had our call today.  Here is the gist of it:

(b)(5)

**From:** (b)(6); (b)(7)(C)   (b)(6);  @SEC.GOV>
**Sent:** Friday, December 16, 2022 1:39 PM
**To:** (b)(6); (b)(7)(C)   (b)(6); (b)(7)(C)  @SEC.GOV>; (b)(6); (b)(7)(C)   (b)(6); (b)(7)(C) @SEC.GOV>; (b)(6);
(b)(7)(C)
(b)(6);   (b)(6);  @SEC.GOV>
**Cc:** (b)(6); (b)(7)(C)   (b)(6);  @SEC.GOV>
**Subject:** Ombudsman's MMTLP response

All,

As (b)(6); noted in the call, this memo addresses most of the issues we've heard in the MMTLP
(b)(7)(C)
complaints.

(b)(5)

(b)(5)

Thanks,

(b)(6); (b)(7)(C)

**From:** (b)(6); (b)(7)(C)
**Sent:** Tue, 4 Oct 2022 11:12:10 -0400
**To:** (b)(6); (b)(7)(C)
**Subject:** RE: (b)(5); (b)(7)(A); (b)(8)

It seems like it would make sense to be a (b)(8) to me.

**From** (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @SEC.gov>
**Sent:** Tuesday, October 04, 2022 10:43 AM
**To** (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @SEC.gov>; (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @SEC.gov>
**Cc** (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @SEC.gov>
**Subject:** RE: (b)(8)

(b)(5); (b)(8)

Ok @NYSE.

**From:** (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @SEC.gov>
**Sent:** Tuesday, October 04, 2022 10:37 AM
**To:** (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @SEC.gov>; (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @SEC.gov>
**Cc:** (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @SEC.gov>
**Subject:** RE: (b)(8)

(b)(5); (b)(8)

**From:** (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @SEC.gov>
**Sent:** Tuesday, October 04, 2022 10:01 AM
**To:** (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @SEC.gov>; (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @SEC.gov>
**Cc:** (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @SEC.gov>
**Subject:** RE: (b)(8)

Good morning!

(b)(5); (b)(8)

**From:** (b)(6); (b)(7)(C) (b)(6); (b)(7)(C) @SEC.gov>
**Sent:** Tuesday, October 04, 2022 9:37 AM
**To:** (b)(6); (b)(7)(C) (b)(6); (b)(7)(C) @SEC.gov> (b)(6); (b)(7)(C) (b)(6); (b)(7)(C) @SEC.gov>
**Cc:** (b)(6); (b)(7)(C) (b)(6); (b)(7)(C) @SEC.gov>
**Subject:** (b)(8)

(b)(5); (b)(8)

Thanks,
(b)(6); (b)(7)(C)

**From:** (b)(6); (b)(7)(C)
**Sent:** Wednesday, September 14, 2022 4:05 PM
**To:** (b)(6); (b)(7)(C) (b)(6); (b)(7)(C) @SEC.gov>; (b)(6); (b)(7)(C) (b)(6); (b)(7)(C) @SEC.gov>
**Cc:** (b)(6); (b)(7)(C) (b)(6); (b)(7)(C) @SEC.gov>
**Subject:** RE: 2 of 4 TCRs for Monday group -- (b)(6); (b)(7)(C) -- (b)(8) (b)(8)

(b)(5); (b)(8)

**From:** (b)(6); (b)(7)(C) (b)(6); (b)(7)(C) @SEC.gov>
**Sent:** Wednesday, September 14, 2022 3:52 PM
**To:** (b)(6); (b)(7)(C) (b)(6); (b)(7)(C) @SEC.gov>
**Cc:** (b)(6); (b)(7)(C) (b)(6); (b)(7)(C) @SEC.gov>; (b)(6); (b)(7)(C) (b)(6); (b)(7)(C) @SEC.gov>
**Subject:** RE: 2 of 4 TCRs for Monday group (b)(6); (b)(7)(C) -- (b)(8)
(b)(8)

(b)(5); (b)(8)

**From:** (b)(6); (b)(7)(C) (b)(6); (b)(7)(C) @SEC.gov>
**Sent:** Wednesday, September 14, 2022 3:03 PM

**To:** [(b)(6); (b)(7)(C)] [(b)(6); (b)(7)(C)] @SEC.gov>
**Subject:** RE: 2 of 4 TCRs for Monday group -- [(b)(6); (b)(7)(C)] -- [(b)(8)] [(b)(8)]

Hi [(b)(6); (b)(7)(] Just wanted to circle back with you on this.  I haven't heard anything from [(b)(6); (b)(7)(] and was just wondering whatthe status was.

Thanks

[(b)(6); (b)(7)(C)]

**From:** [(b)(6); (b)(7)(C)] [(b)(6); (b)(7)(C)] @SEC.gov>
**Sent:** Monday, August 22, 2022 9:32 AM
**To:** [(b)(6); (b)(7)(C)] [(b)(6); (b)(7)(C)] @SEC.gov>
**Cc:** [(b)(6); (b)(7)(C)] [(b)(6); (b)(7)(C)] @SEC.gov>; [(b)(6); (b)(7)(C)] [(b)(6); (b)(7)(C)] @sec.gov>
**Subject:** FW: 2 of 4 TCRs for Monday group -- [(b)(6); (b)(7)(C)] -- [(b)(8)] [(b)(8)]

[(b)(6); (b)(7)(C)]

[(b)(5); (b)(8)]
[(b)(5); (b)(8)] [(b)(8)]
[(b)(8)]

Please let me know if you want to discuss.

[(b)(6); (b)(7)(C)]

**From:** [(b)(6); (b)(7)(C)]
**Sent:** Monday, August 22, 2022 9:27 AM
**To:** [(b)(6); (b)(7)(C)] [(b)(6); (b)(7)(C)] @SEC.gov>
**Subject:** FW: 2 of 4 TCRs for Monday group - [(b)(6); (b)(7)(C)] - [(b)(8)] [(b)(8)]

**From:** [(b)(6); (b)(7)(C)] [(b)(6); (b)(7)(C)] @SEC.GOV>
**Sent:** Tuesday, August 02, 2022 9:02 AM
**To:** #BRO EXAMS Monday <#BROEXAMSMonday@SEC.GOV>; [(b)(6); (b)(7)(C)] [(b)(6); (b)(7)(C)] @SEC.gov>; [(b)(6); (b)(7)(C)] @SEC.gov>[(b)(6); (b)(7)(C)] [(b)(6); (b)(7)(C)] @sec.gov>
**Cc:** #BRO Market Intelligence Group <#BRO-Market_Intelligence_Group@SEC.GOV>
**Subject:** 2 of 4 TCRs for Monday group -- [(b)(6); (b)(7)(C)] -- [(b)(8)] [(b)(8)]

All,

(b)(5); (b)(8)

Thanks,

(b)(6); (b)(7)(C)

Senior Counsel
U.S. Securities and Exchange Commission

33 Arch Street, 24th Floor
Boston, MA 02110
Tel. (b)(6), (b)(7)(C)

**From:** (b)(6); (b)(7)(C)
**Sent:** Wed, 18 Jan 2023 15:55:06 -0500
**To:** (b)(6); (b)(7)(C)
**Bcc:** (b)(6); (b)(7)(C)
**Subject:** FYI Related to the December 2022 CyberWatch Report & MMTLP Halt

(b)(6);
(b)(7)(C)

(b)(5); (b)(8)

(b)(6); (b)(7)(C)  **Attorney Adviser**
FINRA and Securities Industry Oversight
Division of Examinations
U.S. Securities and Exchange Commission

Direct Dial: (b)(6); (b)(7)(C)
Email: (b)(6); (b)(7)(C) @sec.gov

**From:** (b)(6); (b)(7)(C)
**Sent:** Mon, 23 Jan 2023 15:51:46 -0500
**To:** (b)(6); (b)(7)(C)
**Subject:** RE: FINRA Halt - MMTLP Listing of TRCs Reviewed

(b)(5); (b)(8)

(b)(5); (b)(8)  My list is only from the TCR Daily Report and is manual.

_____
**From:** (b)(6); (b)(7)(C)   (b)(6); (b)(7)(C) @SEC.GOV>
**Sent:** Monday, January 23, 2023 2:32 PM
**To:** (b)(6); (b)(7)(C)   (b)(6); (b)(7)(C) @SEC.GOV>
**Subject:** RE: FINRA Halt - MMTLP Listing of TRCs Reviewed

Hi (b)(6); (b)(7)(C)

This looks great, thank you for putting this together! (b)(5); (b)(8)
(b)(5); (b)(8)  Maybe I didn't see it.  Let me know if you need help reviewing anything.

Best,
(b)(6); (b)(7)(C)

_____
**From:** EXAMSFSIOTCR <EXAMSFSIOTCR@SEC.GOV>
**Sent:** Monday, January 23, 2023 2:58 PM
**To:** (b)(6); (b)(7)(C)   (b)(6); (b)(7)(C) @SEC.GOV>
**Subject:** FW: FINRA Halt - MMTLP Listing of TRCs Reviewed

_____
**From:** (b)(6); (b)(7)(C)
**Sent:** Monday, January 23, 2023 2:57:55 PM (UTC-05:00) Eastern Time (US & Canada)
**To:** EXAMSFSIOTCR
**Subject:** RE: FINRA Halt - MMTLP Listing of TRCs Reviewed

Thanks, (b)(6); (b)(7)(C)

_____
**From:** EXAMSFSIOTCR <EXAMSFSIOTCR@SEC.GOV>
**Sent:** Monday, January 23, 2023 2:57 PM

**To:** (b)(6); (b)(7)(C)   (b)(6); (b)(7)(C)   @sec.gov>

**Subject:** FINRA Halt - MMTLP Listing of TRCs Reviewed

(b)(6); (b)(7)(C)

(b)(5); (b)(8)

Good luck with your oversight, and I look forward to updates in the Newsletter.

(b)(6); (b)(7)(C)

**From:** (b)(6); (b)(7)(C)
**Sent:** Mon, 23 Jan 2023 15:48:28 -0500
**To:** (b)(6); (b)(7)(C)
**Subject:** RE: FINRA Halt - MMTLP Listing of TRCs Reviewed

No (b)(6); (b)(7)(C) (b)(5); (b)(8)

(b)(5); (b)(8)

Thanks for your kind words.

Duplicate

**From:** (b)(6); (b)(7)(C)
**Sent:** Mon, 23 Jan 2023 16:10:30 -0500
**To:** (b)(6); (b)(7)(C)
**Subject:** RE: FINRA Halt - MMTLP Listing of TRCs Reviewed

Thanks (b)(6); (b)(7)(C) The file would not open. The format was blocked by SEC settings. Maybe because its on your C:drive?

_____
**From:** (b)(6); (b)(7)(C)      (b)(6); (b)(7)(C) @SEC.GOV>
**Sent:** Monday, January 23, 2023 3:07 PM
**To** (b)(6); (b)(7)(C)    (b)(6); (b)(7)(C) @SEC.GOV>
**Subject:** RE: FINRA Halt - MMTLP Listing of TRCs Reviewed

No problem (b)(5); (b)(8)
(b)(5); (b)(8)
(b)(5); (b)(8)                              Let me know if you need anything else!

Thanks,
(b)(6); (b)(7)(C)  (b)(5); (b)(8)

Duplicate

**From:** (b)(6); (b)(7)(C)
**Sent:** Wed, 14 Dec 2022 11:59:01 -0500
**To:** (b)(6); (b)(7)(C)
**Subject:** RE: TCR Review of FINRA's Halt of MMTLP

Thanks (b)(6); (b)(7)(C) for the update.

(b)(5); (b)(8)

(b)(6); (b)(7)(C)

_____

**From:** (b)(6); (b)(7)(C)    (b)(6); (b)(7)(C) @sec.gov>
**Sent:** Wednesday, December 14, 2022 9:26 AM
**To:** (b)(6); (b)(7)(C)    (b)(6); (b)(7)(C) @SEC.GOV>
**Subject:** RE: TCR Review of FINRA's Halt of MMTLP

Thanks (b)(6); (b)(7)(C)

With regard to your questions, (b)(5); (b)(8)
(b)(5); (b)(8)

_____

**From:** (b)(6); (b)(7)(C)    <(b)(6); (b)(7)(C) @SEC.GOV>
**Sent:** Monday, December 12, 2022 8:03 PM
**To:** (b)(6); (b)(7)(C)    (b)(6); (b)(7)(C) @sec.gov>
**Subject:** TCR Review of FINRA's Halt of MMTLP



(b)(6); (b)(7)(C)

Attached is the review of the TCRs alleging investor harm from FINRA's Halt of MMTLP.  These observations were made from the review:

(b)(5); (b)(8)

(b)(6); (b)(7)(C) **Attorney Adviser**
FINRA and Securities Industry Oversight
Division of Examinations
U.S. Securities and Exchange Commission

Direct Dial: (b)(6), (b)(7)(C)
Email: (b)(6); (b)(7)(C) @sec.gov

**From:** (b)(6); (b)(7)(C)
**Sent:** Thu, 22 Dec 2022 10:51:15 -0500
**To:** (b)(6); (b)(7)(C)
**Subject:** RE: Update 12/19 and 12/20 FINRA TCRs

Thanks (b)(6); (b)(7)(C) for the FYI.

Yes, it's a winter wonderland here in Wisconsin and in Illinois. Pretty from inside a warm house.

**From** (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @sec.gov>
**Sent:** Thursday, December 22, 2022 9:44 AM
**To:** (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @SEC.GOV>
**Subject:** Re: Update 12/19 and 12/20 FINRA TCRs

Thanks (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) and I will discuss next steps when we are back to work after the holidays. Stay safe and warm as I understand some really bad weather is headed your way.

Thanks,

(b)(6); (b)(7)(C)

(b)(6); (b)(7)(C)
Assistant Director
Division of Examinations
U.S. Securities and Exchange Commission
100 F Street, NE | Washington, DC 20549-8041
T: (b)(6); (b)(7)(C) | F: (b)(6); (b)(7)(C)

On Dec 21, 2022, at 4:51 PM, (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @sec.gov> wrote:

(b)(6); (b)(7)(C)

We had a flurry of TCRs again on 12/19 and 12/20 continuing to cite FINRA as a subject. Here is an updated summary.

**FINRA Specific Issues**:

(b)(5); (b)(8)

(b)(5); (b)(8)

(b)(6); (b)(7)(C)    **Attorney Adviser**
FINRA and Securities Industry Oversight
Division of Examinations
U.S. Securities and Exchange Commission

Direct Dial: (b)(6); (b)(7)(C)
Email: (b)(6); (b)(7)(C)    @sec.gov

(b)(5); (b)(8)

**From:**        EXAMSFSIOTCR
**Sent:**        Mon, 23 Jan 2023 14:57:56 -0500
**To:**          (b)(6); (b)(7)(C)
**Subject:**     FW: FINRA Halt - MMTLP Listing of TRCs Reviewed

Duplicate

**From:** (b)(6); (b)(7)(C)
**Sent:** Wed, 18 Jan 2023 16:10:08 -0500
**To:** (b)(6); (b)(7)(C)
**Subject:** RE: FYI Related to the December 2022 CyberWatch Report & MMTLP Halt

I am.  Want to get my two days done.  Heading home in a bit.  You?

_____
**From:** (b)(6); (b)(7)(C)    (b)(6); (b)(7)(C) @sec.gov>
**Sent:** Wednesday, January 18, 2023 4:09 PM
**To:** (b)(6); (b)(7)(C)    (b)(6); (b)(7)(C) @sec.gov>
**Subject:** RE: FYI Related to the December 2022 CyberWatch Report & MMTLP Halt

Are you in the office today?



(b)(6); (b)(7)(C)

Exam Manager
Division of Examinations

**OFFICE**    (b)(6); (b)(7)(C)
**MOBILE**    (b)(6); (b)(7)(C)
(b)(6); (b)(7)(C)    @sec.gov

_____

Duplicate

**From:**            (b)(6); (b)(7)(C)
**Sent:**            Tue, 4 Oct 2022 10:01:23 -0400
**To:**              (b)(6); (b)(7)(C)
**Cc:**              (b)(6); (b)(7)(C)
**Subject:**         RE: (b)(8)

Good morning!

(b)(5); (b)(8)

Duplicate

**From:** (b)(6); (b)(7)(C)
**Sent:** Tue, 4 Oct 2022 09:51:13 -0400
**To:** (b)(6); (b)(7)(C)
**Subject:** RE: (b)(8)

Yeah, I thought it is a (b)(8)    too.  Thanks!

**From:** (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @SEC.gov>
**Sent:** Tuesday, October 04, 2022 9:50 AM
**To:** (b)(6); (b)(7)(C)  (b)(6); (b)(7)(C) @SEC.gov>
**Subject:** RE: (b)(8)

I don't know.  (b)(5); (b)(8)

(b)(5); (b)(8)

Duplicate

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, I served a true and correct copy of the Notice of Supplemental Evidence, associated Declaration, Exhibits, and this Certificate of Service upon the following parties by email:

David S. Norris
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037
david.norris@squirepb.com
*Counsel for Nonparty*
*Financial Industry Regulatory Authority, Inc.*

Clayton P. Brust
Robison, Sharp, Sullivan & Brust
71 Washington Street
Reno, NV 89503
cbrust@rssblaw.com
*Counsel for the Chapter 7 Trustee,*
*Christina W. Lovato*

Christina W. Lovato
P.O. Box 18417
Reno, NV 89511
trusteelovato@att.net

Jeffrey S. Pittman, *Pro Se*