IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the matter of:<br><br>MOTION TO QUASH SUBPOENAS TO NONPARTY FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC. | Miscellaneous Action No.<br>1:25-mc-00129-LLA-GMH |

**NONPARTY FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S
<u>OPENING BRIEF REGARDING RULE 45(f) TRANSFER</u>**

Rule 45 requires nonparties to move to quash in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3). That is this Court, as the Subpoenas demand FINRA to produce documents and a custodian of records to testify in Washington D.C. Exs. 1 & 2 to Motion. FINRA thus properly moved to quash in this Court pursuant to Rule 45. Doc. 2-1.

This Court has requested supplemental briefing on whether it should transfer this matter to the issuing court—the U.S. Bankruptcy Court for the District of Nevada—pursuant to Rule 45(f). Doc. 17 (Nov. 3, 2025). Transfer is not warranted.

Rule 45(f) provides that subpoena disputes can only be transferred without the consent of the responding nonparty if there are "exceptional circumstances." Fed. R. Civ. P. 45(f). This requires the proponent of the transfer to establish three factors: (1) "the underlying litigation will be disrupted if the subpoena dispute is not transferred;" (2) transferring the dispute will not burden the responding nonparty; and (3) "the issuing court is in the best position to rule on the motion to compel." *See, e.g.*, *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 376 (D.D.C. 2017) (Brown Jackson, J.).

The Trustee cannot demonstrate that "exceptional circumstances" require a transfer under any one of these three factors:

-1-

1. <u>There Is No "Underlying Litigation" to Disrupt</u>: There will be no disruption to the "underlying litigation" if this Court resolves the Motion because, as the Trustee has said, "*there is no litigation here*." Opp. at 4 (Doc. 14) (emphasis in original). The Subpoenas are intended to identify information for "hypothetical legal claims that the Trustee might never bring." *Id.* at 33.

2. <u>Transferring the Motion Would Burden FINRA</u>: FINRA is a self-regulatory organization ("SRO") that is part of the Exchange Act's comprehensive plan for regulating the national securities markets. 15 U.S.C. §§ 78q, 78s. FINRA thus often receives subpoenas from private litigants who, like the Trustee, seek to "shortcut their own discovery efforts" by leveraging FINRA's "statutorily governed work." *Ross v. Bolton*, 106 F.R.D. 22, 24 (S.D.N.Y. 1985). FINRA should not have to leave its headquarters in Washington, D.C. to litigate subpoena disputes across the country every time this occurs, particularly in cases where FINRA has no claim or interest in the underlying case or bankruptcy. *Powell v. UHG I LLC*, 2024 WL 4286960, at *4 (N.D. Ill. Sept. 25, 2024) (denying transfer; the recipient's "interest in obtaining local resolution of the motion outweighs the concerns raised by plaintiff").

3. <u>This Court Is Better Situated to Resolve the Motion</u>: The outcome of the Motion depends on controlling precedent from the D.C. Circuit and this Court. *Korsah v. United States*, 2020 WL 7868166, *2 (E.D. Va. Dec. 8, 2020) (a D.C. court is "clearly [] better equipped to apply its own law"). And FINRA has a strong interest in obtaining local resolution of **significant** issues, like whether the private litigants can subpoena FINRA's privileged investigative files or protected Consolidated Audit Trail ("CAT") data. *FDIC v. Galan-Alvarez*, 2015 WL 5602342, *3 (D.D.C. Sept. 4, 2015) (denying Rule 45(f) transfer; this Court was better positioned to decide whether the apex doctrine protected "high-ranking" FDIC officials from depositions).

For these reasons, and as set forth below, the Court should resolve FINRA's Motion.

## **LEGAL STANDARD**

"There is a presumption that subpoena-related disputes be litigated in the district designated for compliance." *Galan-Alvarez*, 2015 WL 5602342, at *3. This presumption can be overcome without the consent of the subpoenaed nonparty only in the case of "exceptional circumstances." Fed. R. Civ. P. 45(f). The "proponent of transfer bears the burden of showing that such circumstances are present." *Id.* Advisory Comm. Notes (2013).

The Advisory Committee Notes to Rule 45 provide that the "prime concern" in considering transfer is "avoiding burdens on local nonparties subject to subpoenas." *Id.* Similarly, courts should not assume "the issuing court is in a superior position to resolve subpoena-related motions." *Id.* Transfer may be appropriate in exceptional cases "to avoid disrupting the issuing court's management of the underlying litigation." *Id.* But this is "only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

Determining whether "exceptional circumstances" exist requires consideration of factors like "complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Iyer v. Nexus Pharms., Inc.*, 2023 WL 3040604, *5 (D.D.C. Apr. 21, 2023) (Harvey, J.). These factors ultimately "relate to three overarching questions: (1) whether the underlying litigation will be disrupted if the subpoena dispute is not transferred; (2) whether the nonparty subpoena recipient will suffer undue burden or cost if the subpoena dispute is transferred; and (3) whether, based on various considerations, the issuing court is in the best position to rule on the motion to compel." *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d at 376. The answers to all three questions demonstrate that no "exceptional circumstances" exist in this case.

**ARGUMENT**

I.      **Transfer Is Not Necessary to Avoid Disrupting the Underlying Litigation.**

The answer to the first question—"whether the underlying litigation will be disrupted if the subpoena dispute is not transferred"—is no. There will be no disruption to the "underlying litigation" if this Court resolves the Motion because, as the Trustee has stated, "***there is no litigation here***." Opp. at 4 (Doc. 14) (emphasis in original). The Trustee is pursuing discovery for "hypothetical legal claims that the Trustee might never bring." *Id.* at 33. This is not an "exceptional circumstance" where transfer is necessary to avoid disruption. *See, e.g.*, *Hood v. City of Chicago*, 2019 WL 5295169, *3 (D.D.C. Oct. 18, 2019) (Mehta, J.) (denying Rule 45(f) transfer motion; the "issues that the parties ask the court to resolve are … no[t] so bound up with prior rulings in the underlying case such that it would be imprudent for this court to rule").

Nor is transfer necessary to avoid disrupting the Meta Materials bankruptcy. The Trustee's pre-suit investigation is just one part of the bankruptcy. *See, e.g.*, 11 U.S.C. § 704 (bankruptcy trustees "collect and reduce to money the property of the estate," are "accountable for all property received," "examine proofs of claims and object to the allowance of any claim that is improper," "if advisable, oppose the discharge of the debtor," and more). FINRA is just one of nine nonparties the Trustee has subpoenaed for documents and information. *E.g.*, Opp. at 11 (stating the Trustee filed "eight other motions for Rule 2004 examinations of other third parties"). This Court will not disrupt the bankruptcy by resolving one discovery motion, as to one of nine nonparties, on discovery the Trustee seeks information for claims she might never bring. Opp. at 29 ("The Trustee might never initiate legal action on this topic ….").

**II.     Transferring the Motion to Nevada Would Burden FINRA.**

The "prime concern" in evaluating a request to transfer under Rule 45(f) is "avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45(f), Advisory Comm. Notes (2013). This factor also weighs against transfer.

FINRA is an SRO with its headquarters in Washington, D.C. *North v. Smarsh, Inc.*, 160 F. Supp. 3d 63, 72 (D.D.C. 2015). As an SRO, FINRA is part of the Exchange Act's comprehensive plan for regulating the national securities markets. *See* 15 U.S.C. §§ 78q, 78s. This makes FINRA a frequent recipient of third-party subpoenas from private parties—like the Trustee—who "wish to shortcut their own discovery efforts and instead to reap the benefits of [FINRA's] ongoing, statutorily governed work." *Ross*, 106 F.R.D. at 24. FINRA should not have to travel to issuing courts across the United States to litigate subpoena disputes every time this occurs. *See, e.g.*, *id.*; *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997) ("There was no reason for … a government employee working and living in the Washington, D.C. area, to believe that his role in the regulatory process would expose him to the power of the courts in Arizona.").

This is particularly true in this case. FINRA has no claim or interest in the underlying bankruptcy proceeding. FINRA does not even have offices in Nevada. FINRA, *Locations* (accessed Nov. 10, 2025), https://www.finra.org/about/locations. Indeed, the Subpoenas seek documents and custodian of records to testify in Washington, D.C. because that is where FINRA's documents and custodians of records are located. *See, e.g.*, *Gebka v. EverQuote, Inc.*, 2021 WL 3131549, *3 (D. Mass. July 23, 2021) (denying transfer where the "the bulk of [the subpoenaed nonparty's] personnel with access to its business records, electronically stored information and systems" are in the compliance jurisdiction). This dispute is unlike the cases where this Court has found that "exceptional circumstances" reduced or eliminated the burden on the responding nonparty. *See, e.g.*, *Iyer*, 2023 WL 3040604, at *6 (holding "exceptional circumstances"

eliminated the burden where the subpoena recipient was an attorney who was litigating the underlying case in the issuing court on behalf of the plaintiff); *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d, at 376 (holding no burden where subpoena recipient had "already submitted a full set of briefs on the subpoena issues in the [issuing] court").

**III.     This Court Is in a Better Position to Resolve FINRA's Motion.**

The answer to the third question—whether "the issuing court is in the best position to rule on the motion to compel"—is also no, for at least three reasons.

First, the outcome of the Motion depends on controlling precedent from the D.C. Circuit and this Court, which this Court is better situated to resolve. *Korsah*, 2020 WL 7868166, at *2 (a D.C. court "would clearly be better equipped to apply its own law"). The parties thus briefed the dispute on this Court's and D.C. Circuit precedent. For example, the "Legal Standard" section of the Trustee's Opposition references almost exclusively decisions from this Court and the D.C. Circuit. Opp. at 16–17 (Doc. 14); *see also* Motion at iii–vi (Doc. 2-1); Reply at i-iii (Doc. 16). And the resolution of key issues—like whether the Subpoenas impose an undue burden under *Watts v. SEC*, 482 F.3d 501 (D.C. Cir. 2007), or whether the Trustee is entitled to documents protected by the investigative file privilege from *In re Sealed Case*, 856 F.2d 268 (D.C. Cir. 1988)—turn on D.C. Circuit precedent. This Court is better situated to resolve the Motion—and this case is not "exceptional"—for this reason alone. *E.g.*, *Hood*, 2019 WL 5295169, at *3 (denying Rule 45(f) transfer where issues involved the assertion of "reporter's privilege" because the dispute did "not rest on facts or law that the [issuing] court is uniquely positioned to decide"); *Inter-Am. Dev. Bank v. Venti S.A.*, 2016 WL 5786982, *8 (S.D. Fla. Oct. 4, 2016) ("[Q]uestions regarding attorney client or work product privileges are adequately dealt with by the compliance court.").

Second, the drafters of Rule 45(f) expressly directed courts to consider "the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45(f), Advisory Cmte. Notes (2013 Amendments). Here, FINRA has a compelling interest in obtaining local resolution of the Motion, which involves important issues to FINRA's self-regulatory responsibilities, including whether private litigants can subpoena FINRA's privileged investigative files and protected CAT data or unduly burden FINRA with requests for millions of records that FINRA maintains in its capacity as an SRO to pursue private causes of action. *See, e.g.*, Mot. at 21–24; Reply at 18–21. This Court has recognized the importance of locally resolving such important issues. *See, e.g.*, *Galan-Alvarez*, 2015 WL 5602342, at *3 (denying Rule 45(f) transfer; this Court was better positioned to decide whether apex doctrine protected "high-ranking" FDIC officials from deposition); *accord Powell*, 2024 WL 4286960, at *4 (denying Rule 45(f) transfer; the subpoena recipient's "interest in obtaining local resolution of the motion outweighs the concerns raised by plaintiff"); *accord Rabinowitz v. Samsung Elecs. Am., Inc.*, 2014 WL 5422576, *7 (N.D. Cal. Oct. 10, 2014) (states have "an interest in deciding controversies involving businesses headquartered there").

Third, "exceptional circumstances" do not exist simply because the bankruptcy has been pending in Nevada for a little over a year. The Subpoenas relate to **potential** claims the Trustee has not even filed yet in the bankruptcy (and may never do so). Opp. at 4, 25, 22. In addition, the Meta Materials bankruptcy was reassigned from Judge Barnes to Judge Spraker on September 4, 2025, a month after FINRA filed the Motion in this Court on August 6, 2025. Order Reassigning Case, *In re Meta Materials, Inc.*, No. 24-50792-gs (Bankr. D. Nev. filed Sept. 4, 2025) (Doc. 2175). The Motion has thus been pending in this Court longer than Judge Spraker has presided over the bankruptcy, making this dispute much less exceptional than other cases this Court has

refused to transfer under Rule 45(f). *See, e.g.*, *Hood*, 2019 WL 5295169, at *3 ("exceptional circumstances" did not exist where the underlying litigation had been "pending for several years and the court has ruled on a number of discovery motions in that time"). Judge Spraker has presided over one discovery motion relating to subpoenas that the Trustee issued to other nonparties, but this fact does not render this case exceptional. *See* Opp. at 14 n.22 (noting Citadel filed a motion to quash in the Nevada Bankruptcy Court). Most of the issues in FINRA's Motion are unique to this dispute, like whether the private litigants can subpoena FINRA's privileged investigative files or protected CAT data or whether the Trustee's specific requests to FINRA unduly burden FINRA. *Garden City Employees' Ret. Sys. v. Psychiatric Sols., Inc.*, 2014 WL 272088, *3 (E.D. Pa. Jan. 24, 2014) (denying Rule 45(f) transfer; the court in the underlying case "has [not] ruled on discovery issues similar to the issues raised by the instant motion or that the issues presented are likely to recur"); *In re Novartis Antitrust Litig.*, 2019 WL 5722055, *5 (E.D. Pa. Nov. 5, 2019) (denying Rule 45(f) transfer; the issues raised in the dispute are specific to the subpoenaed party).

The Advisory Committee Notes also instruct courts to "not [] assume[] that the issuing court is in a superior position to resolve subpoena-related motions." Fed. R. Civ. P. 45(f), Advisory Cmte. Notes (2013 Amendments). Courts have thus repeatedly held that the mere fact that the underlying court may be familiar with the case or has resolved other discovery issues does not give rise to exceptional circumstances. *E.g.*, *In re EpiPen Direct Purchaser Litig.*, 2023 WL 1765650, *3 (M.D. Fla. Feb. 3, 2023) ("While there is 'no question' that the District of Minnesota is certainly more familiar with the underlying litigation, 'that cannot be what Congress meant when it required a finding of exceptional circumstances, otherwise the exception would swallow the rule.").

## **CONCLUSION**

For the foregoing reasons, the Trustee has not met her burden to show there are "exceptional circumstances" warranting a transfer of this matter to the U.S. Bankruptcy Court for the District of Nevada under Rule 45(f). This proceeding should remain in this Court, where FINRA is headquartered and where the Trustee has requested FINRA produce documents and a custodian of records to testify.

Dated: November 18, 2025                    Respectfully submitted,

/s/ *David S. Norris*
David S. Norris (DC Bar No. 1024996)
**SQUIRE PATTON BOGGS (US) LLP**
2550 M Street, NW
Washington, DC 20037
Tel.: (202) 457-6000 | Fax: (202) 457-6315
david.norris@squirepb.com

*Counsel for Nonparty*
*Financial Industry Regulatory Authority, Inc.*

## CERTIFICATE OF SERVICE

I certify that on November 18, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Columbia using the CM/ECF system. Respondent is represented by counsel who are registered CM/ECF users. I also certify that I served a copy of the forgoing document via mail on pro se Movant Jeffrey S. Pittman, who is not a registered CM/ECF user, at the address below:

> Jeffrey S. Pittman
> PO Box 461
> Newport, WA 99156

> */s/ David S. Norris*
> David S. Norris