IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the matter of:<br><br>MOTION TO QUASH SUBPOENAS TO NONPARTY FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC. | Miscellaneous Action No. 1:25-mc-00129-LLA-GMH |

**NONPARTY FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S
RESPONSE TO TRUSTEE'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The Trustee's notice of supplemental authority (Doc. 21) suggests the U.S. District Court for the Southern District of New York's decision in *In re Meta Materials, Inc.,* No. 1:25-mc-00453 provides grounds to transfer FINRA's Motion. But this decision is inapposite for three reasons.

1. <u>The Nasdaq Subpoenas Overlapped Entirely with the Subpoenas Before the Nevada Bankruptcy Court; the FINRA Subpoenas Have No Overlap</u>. The Trustee subpoenaed **one** category of documents from Nasdaq: "All messages relating to the processing of orders of any type for shares of Meta." Ex. A to Nasdaq's Letter Br., *In re Meta Materials, Inc.*, No. 1:25-mc-00453 (Doc. 1-1). The Trustee sought this exact same category of documents from the broker dealers who moved to quash in the Nevada Bankruptcy Court. Ex. A to Tr. Supp. Br. (Doc. 19-2 at pp.32–33) (requesting "All messages relating to the routing of orders of any type for shares of Meta"). The subpoenas to Nasdaq in the S.D.N.Y. case thus overlapped entirely with the subpoenas before the Nevada Bankruptcy Court, and Nasdaq raised the same arguments that were already pending before the Nevada Bankruptcy Court. *See* Doc. 21-1 at 10–11 (finding Nasdaq "made similar arguments in moving to quash" as the broker-dealers).

The opposite is true here. The Trustee seeks **nine** categories of documents from FINRA (15 including subparts), **none** of which overlap with the subpoenas before the Nevada Bankruptcy Court. Ex. 1 to Mot. (Doc. 2-1 at p. 41). The undue burden on FINRA is thus entirely different and

much greater on FINRA than Nasdaq and the broker dealers. FINRA Suppl. Reply Br. at 3–4 (Doc. 20). Any risk of inconsistent decisions is insignificant because the subpoenas seek entirely different documents under different law. *Id.* And because the Trustee seeks privileged investigative files and protective CAT data from FINRA—but not Nasdaq or the broker dealers—FINRA has a far stronger interest in obtaining local resolution of the Motion. *Id.* at 9.

      2.    <u>Nasdaq Participated in the Bankruptcy; FINRA Did Not</u>. Months before moving to quash in S.D.N.Y., Nasdaq appeared in the Nevada Bankruptcy Court to enter a stipulated protective order with the Trustee to govern discovery, which the Nevada Bankruptcy Court entered. *See* Ex. O to Opp. (Doc. 14 at p.136); s*ee also* Trustee's Letter Br. at 1, 3, *In re Meta Materials, Inc.,* No. 1:25-mc-00453 (Doc. 5); *see also Iyer,* 2023 WL 3040604, at *6 (holding "exceptional circumstances" existed when subpoena recipient was an attorney litigating the underlying case in the issuing court). These exceptional circumstances do not exist here as FINRA has not participated in or submitted stipulations to the Nevada Bankruptcy Court.

      3.    <u>FINRA's Motion Is Fully Briefed under D.C. Circuit Precedent; Nasdaq Has Not Even Filed a Motion</u>. Nasdaq did not initiate the S.D.N.Y. matter by moving to quash. Instead, the S.D.N.Y. local rules required Nasdaq to first submit a pre-motion letter brief. S.D.N.Y. LRCiv. 37.2. After Nasdaq submitted its short, 5-page letter, the Trustee responded by immediately requesting Rule 45(f) transfer without addressing the merits. *See* Trustee's Letter Br. at 1, *In re Meta Materials, Inc.,* No. 1:25-mc-00453 (Doc. 5) ("[R]ather than this Court addressing the substance of Nasdaq's proposed motion to quash, the Trustee respectfully asks that Your Honor transfer the motion …."). As a result, Nasdaq never even moved to quash, let alone fully brief a motion under Second Circuit and S.D.N.Y. precedent.

The opposite is true here. The Trustee did not even argue for a Rule 45(f) transfer in opposition to FINRA's motion and instead included a one-sentence request on transfer in her

conclusion. Scheduling Order at 1 (Doc. 17) ("[The Trustee] requested, without argument, that this Court transfer the motion to quash …."). The parties thus fully briefed FINRA's Motion under controlling precedent from the D.C. Circuit and this Court. This Court is better suited to apply its own precedent. *E.g., Korsah v. United States*, 2020 WL 7868166, *2 (E.D. Va. Dec. 8, 2020) (a D.C. court is "clearly [] better equipped to apply its own law").

\* \* \*

In sum, the Nasdaq decision involved similar subpoenas, seeking the exact same information, involving the same issues, that will be briefed under the same law as the subpoena dispute already pending before the Nevada Bankruptcy Court, in which Nasdaq had previously appeared. In contrast, this matter presents different subpoenas, seeking different information, issued to different parties, involving different issues to be resolved under different law. There is nothing "exceptional" about this matter warranting transfer. *See, e.g.*, *Found. to Support Animal Prot. v. Vital Farms, Inc.,* 2023 WL 3446200, at *4 (E.D. Va. Apr. 3, 2023) ("[T]here is nothing remarkable about an issuing court having already ruled on discovery matters before a court in a compliance district becomes involved. If that fact alone necessitated transfer, then transfer would cease to be a 'rare event.'"); *In re EpiPen Direct Purchaser Litig.,* 2023 WL 1765650,*3 (M.D. Fla. Feb. 3, 2023) ("While there is 'no question' that the District of Minnesota is certainly more familiar with the underlying litigation, 'that cannot be what Congress meant when it required a finding of exceptional circumstances, otherwise the exception would swallow the rule.'").

Dated:  December 15, 2025                    Respectfully submitted,

/s/ *David S. Norris*
David S. Norris (DC Bar No. 1024996)
**SQUIRE PATTON BOGGS (US) LLP**
2550 M Street, NW
Washington, DC 20037
Tel.: (202) 457-6000 | Fax: (202) 457-6315
david.norris@squirepb.com
*Counsel for Nonparty*
*Financial Industry Regulatory Authority, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on December 15, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Columbia using the CM/ECF system. Respondent is represented by counsel who are registered CM/ECF users. I also certify that I served a copy of the forgoing document via mail on pro se Movant Jeffrey S. Pittman, who is not a registered CM/ECF user, at the address below:

>Jeffrey S. Pittman
>PO Box 461
>Newport, WA 99156

>*/s/ David S. Norris*
>David S. Norris